SEAN K. KENNEDY (No. 145632)
Federal Public Defender
(E-mail: Sean_Kennedy@fd.org)
EMILY J. GROENDYKE (No. 264102)
Deputy Federal Public Defender
(E-mail: Emily_Groendyke@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone (213) 894-2854
Facsimile (213) 894-7566

Attorneys for Petitioner
DEANDRE MAURICE HOWARD

KAMALA D. HARRIS
Attorney General of the State of California
ROBERT R. ANDERSON
Chief Assistant Attorney General
PAMELA C. HAMANAKA
Senior Assistant Attorney General
VIET NGUYEN
Deputy Attorney General
(E-mail: DocketingLAAWT@doj.ca.gov)
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213)897-0207
Facsimile: (213) 897-6496

Attorneys for Respondent
DERRAL G. ADAMS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE MAURICE HOWARD, <br><br> Petitioner, <br><br> v. <br><br> DERRAL G. ADAMS, Warden, <br><br> Respondent. | NO. CV 07-2680-VAP (SH) <br><br> **STIPULATION RE: ~~PROTECTIVE ORDER AND [PROPOSED]~~ PROTECTIVE ORDER** |

Pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), Petitioner and Respondent, through their respective counsel, hereby stipulate, agree and request that this Court enter the following protective order regarding (1) documents and materials from trial counsel's files that Petitioner provides to Respondent during this habeas action; (2) any related testimony provided at an evidentiary hearing in this matter; and (3) any reference to such documents or testimony in the parties' pleadings submitted to the Court:

1. The Court has ordered the production of documents and discovery in this matter that Petitioner contends are subject to claims of privilege or protected from disclosure by the attorney work product doctrine. To the extent that this Court has ordered that Petitioner's trial counsel's file, including the files of other defense team members, be produced to the Respondent, and such discovery shall be subject to this Protective Order and shall remain confidential and sealed. If an evidentiary hearing is held in this case, any testimony by Petitioner, Petitioner's experts, trial counsel, and any trial defense team member shall be subject to this Protective Order and shall remain confidential and sealed. Petitioner contends that the testimony provided by these witnesses is subject to claims of privilege and/or protected from disclosure by the attorney work-product doctrine.[1]

2. All privileged documents and testimony produced to Respondent in this action may be used only for purposes of litigating this habeas corpus proceeding by: a) Petitioner and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to *Howard v. Adams*, by the Office of the Federal Public Defender, and persons retained by Petitioner's counsel to litigate this

---

[1] Materials and testimony subject to a privilege and/or subject to the attorney work product doctrine will be referred to collectively hereinafter as "privileged" materials. Information obtained outside of this habeas proceeding or waived by some conduct other than its revelation in this habeas proceeding may not be considered protected material.

2

matter, including, but not limited to, outside investigators, consultants and expert witnesses; and (b) Respondent and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to *Howard v. Adams* by the California Department of Justice, Attorney General's Office, and persons retained by Respondent's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses. This Protective Order extends to members of the legal teams and all persons retained by the parties to litigate this matter. All such individuals shall be provided with a copy of this Protective Order.

3. Except for disclosure to the persons and agencies described in Paragraph 2, disclosure of the contents of the documents and testimony and the documents and testimony themselves shall not be made to any other persons or agencies, including, but not limited to, prosecutorial agencies and law enforcement personnel, without the Court's order.

4. Documents and testimony that Petitioner contends are privileged shall be clearly designated as such by labeling the documents or testimony in a manner that does not prevent reading the text of the document.

5. All documents and testimony designated as privileged by Petitioner that are submitted to this Court shall be submitted under seal in a manner reflecting their confidential nature and designed to ensure that the privileged material will not become part of the public record. Should an evidentiary hearing be held in this matter, privileged testimony shall be clearly designated as such by marking the transcripts of the proceeding. Any pleading or other papers served on opposing counsel or filed or lodged with the court that contains or reveals the substantive content of the privileged matter shall be filed under seal, and shall include a separate caption page that includes the following confidentiality notice or its equivalent:

///

"TO BE FILED UNDER SEAL

THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED"

6. If privileged documents or documents containing privileged matters are filed with this Court, they shall be filed with the Clerk of this Court in sealed envelopes prominently marked with the caption of the case and the foregoing Confidentiality Notice. The Clerk of the Court is directed to maintain the confidentiality of any documents filed in accordance with the above. Insofar as reasonably feasible, only confidential portions of the filings shall be under seal; and the parties shall tailor their documents to limit, as much as is practicable, the quantity of material that is to be filed under seal. When a pleading or document contains only a limited amount of privileged content, a party may file a complete copy under seal and at the same time file on the public record an additional, redacted version of the document, blocking out the limited matter comprising the confidential portions.

7. Petitioner's disclosure of documents from trial counsel's file in this action, and any related testimony by Petitioner or members of Petitioner's trial team at a deposition or evidentiary hearing in this case, does not constitute a waiver of Petitioner's rights under the Fifth and Sixth Amendments to the United States Constitution in the event of any retrial.

8. This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case. Any modification or vacation of this order shall

///

only be made upon notice to and an opportunity to be heard from both parties.

                                                                                   Respectfully submitted,

                                                                                   SEAN K. KENNEDY
Federal Public Defender

DATED: February 15, 2011      By:      /s/ *Emily J. Groendyke*
                                                                                EMILY J. GROENDYKE
Deputy Federal Public Defender,
Counsel for Petitioner,
DEANDRE MAURICE HOWARD

KAMALA D. HARRIS
Attorney General for the State of California

                                                                                  By:      /s/ *Viet H. Nguyen*
                                                                                VIET H. NGUYEN
Deputy Attorney General
Counsel for Respondent,
DERRAL G. ADAMS

IT IS SO ORDERED.

DATED: 2/16/11

                                                                                  STEPHEN J. HILLMAN
United States Magistrate Judge

Presented By:

SEAN K. KENNEDY
Federal Public Defender

By:     /s/ *Emily J. Groendyke*
        EMILY J. GROENDYKE
        Deputy Federal Public Defender

Attorneys for Petitioner,
DEANDRE MAURICE HOWARD